# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# COLUMBUS DIVISION

| | |
|---|---|
| NAWATA JENKINS, | : |
| Plaintiff, | : |
| v. | : CASE NO. 4:17-CV-221-MSH |
| | : Social Security Appeal |
| COMMISSIONER OF | : |
| SOCIAL SECURITY, | : |
| Defendant. | : |

## ORDER

The Social Security Commissioner, by adoption of the Administrative Law Judge's ("ALJ's") determination, denied Plaintiff's applications for supplemental security income and disability insurance benefits, finding that she is not disabled within the meaning of the Social Security Act and accompanying regulations. Plaintiff contends that the Commissioner's decision was in error and seeks review under the relevant provisions of 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c). All administrative remedies have been exhausted. Both parties filed their written consents for all proceedings to be conducted by the United States Magistrate Judge, including the entry of a final judgment directly appealable to the Eleventh Circuit Court of Appeals pursuant to 28 U.S.C. § 636(c)(3).

## LEGAL STANDARDS

The court's review of the Commissioner's decision is limited to a determination of whether it is supported by substantial evidence and whether the correct legal standards were applied. *Walker v. Bowen*, 826 F.2d 996, 1000 (11th Cir. 1987) (per curiam).

"Substantial evidence is something more than a mere scintilla, but less than a preponderance. If the Commissioner's decision is supported by substantial evidence, this court must affirm, even if the proof preponderates against it." *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005) (internal quotation marks omitted). The court's role in reviewing claims brought under the Social Security Act is a narrow one. The court may neither decide facts, re-weigh evidence, nor substitute its judgment for that of the Commissioner.[1] *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005). It must, however, decide if the Commissioner applied the proper standards in reaching a decision. *Harrell v. Harris*, 610 F.2d 355, 359 (5th Cir. 1980) (per curiam). The court must scrutinize the entire record to determine the reasonableness of the Commissioner's factual findings. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). However, even if the evidence preponderates against the Commissioner's decision, it must be affirmed if substantial evidence supports it. *Id.*

The plaintiff bears the initial burden of proving that she is unable to perform her previous work. *Jones v. Bowen*, 810 F.2d 1001 (11th Cir. 1986). The plaintiff's burden is a heavy one and is so stringent that it has been described as bordering on the unrealistic. *Oldham v. Schweiker*, 660 F.2d 1078, 1083 (5th Cir. 1981).[2] A plaintiff seeking Social

---

[1] Credibility determinations are left to the Commissioner and not to the courts. *Carnes v. Sullivan*, 936 F.2d 1215, 1219 (11th Cir. 1991). It is also up to the Commissioner and not to the courts to resolve conflicts in the evidence. *Wheeler v. Heckler*, 784 F.2d 1073, 1075 (11th Cir. 1986) (per curiam); *see also Graham v. Bowen*, 790 F.2d 1572, 1575 (11th Cir. 1986).

[2] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decision of the former Fifth Circuit rendered prior to October 1, 1981.

Security disability benefits must demonstrate that she suffers from an impairment that prevents her from engaging in any substantial gainful activity for a twelve-month period. 42 U.S.C. § 423(d)(1). In addition to meeting the requirements of these statutes, in order to be eligible for disability payments, a plaintiff must meet the requirements of the Commissioner's regulations promulgated pursuant to the authority given in the Social Security Act. 20 C.F.R. § 404.1 *et seq*.

Under the Regulations, the Commissioner uses a five-step procedure to determine if a plaintiff is disabled. *Phillips v. Barnhart*, 357 F.3d 1232, 1237 (11th Cir. 2004); 20 C.F.R. § 404.1520(a)(4). First, the Commissioner determines whether the plaintiff is working. *Id.* If not, the Commissioner determines whether the plaintiff has an impairment which prevents the performance of basic work activities. *Id.* Second, the Commissioner determines the severity of the plaintiff's impairment or combination of impairments. *Id.* Third, the Commissioner determines whether the plaintiff's severe impairment(s) meets or equals an impairment listed in Appendix 1 of Part 404 of the Regulations (the "Listing"). *Id.* Fourth, the Commissioner determines whether the plaintiff's residual functional capacity can meet the physical and mental demands of past work. *Id.* Fifth and finally, the Commissioner determines whether the plaintiff's residual functional capacity, age, education, and past work experience prevent the performance of any other work. In arriving at a decision, the Commissioner must consider the combined effects of all of the alleged impairments, without regard to whether each, if considered separately, would be disabling. *Id.* The Commissioner's failure to apply correct legal standards to the evidence is grounds for reversal. *Id.*

## ADMINISTRATIVE PROCEEDINGS

Plaintiff Nawata Jenkins filed applications for disability insurance benefits and supplemental security income on June 24, 2013, alleging that she became disabled to work on July 15, 2009. Her claims were initially denied on October 22, 2013, and denied after reconsideration on February 10, 2014. She timely requested an evidentiary hearing before an ALJ on March 26, 2014, and the hearing was held on February 23, 2016. Plaintiff appeared at the hearing with her attorney and gave testimony. Tr. 23. On October 4, 2016, the ALJ issued an unfavorable decision denying Plaintiff's claims. Tr. 20-42. She next sought review by the Appeals Council but was denied on September 14, 2017. Tr. 1-6. Having exhausted the administrative remedies available to her under the Social Security Act, Plaintiff now seeks judicial review of the Commissioner's final decision denying her claims for benefits. This case is ripe for review. 42 U.S.C. 405(g), 1383(c).

## STATEMENT OF FACTS AND EVIDENCE

When the ALJ rendered his decision, Plaintiff was forty-seven years of age. Tr. 234. She has a high school education and has past relevant work as a home health attendant, nursery school worker, and merchant patroller. Finding 6, Tr. 34. In conducting the five-step sequential analysis of her claims mandated by the Commissioner's regulations for the determination of disability, the ALJ found that Plaintiff has not engaged in substantial gainful activity since her alleged onset date and has severe impairments of bipolar disorder, headaches, hypertension, and morbid obesity. 20 C.F.R. §§ 404.1571 and 416.971; 20 C.F.R. §§ 404.1520(c) and 416.920(c); Findings 2, 3, Tr. 25-26. At step three, he found that these impairments, considered both alone and in combination with one another, neither

meet nor medically equal a listed impairment set out in 20 C.F.R. Part 404, Subpart P, Appendix 1. Finding 4, Tr. 26-27.

Between steps three and four, the ALJ formulated a residual functional capacity assessment ("RFC") which permits Plaintiff to engage in medium work with limitations to jobs that are simple, unskilled, and have only occasional routine changes in the work environment. Finding 5, Tr. 27-33. At step four, the ALJ found that this restricted RFC assessment precludes Plaintiff from returning to any past relevant work. 20 C.F.R. §§ 404.1565 and 416.965; Finding 6, Tr. 34. However, at step-five, he took administrative notice of reliable job information as provided for in the Commissioner's regulations at 20 §§ C.F.R. 404.1566(d) and 416.966(d), and found that there are jobs available to Plaintiff in the national economy which she can perform within her assessed RFC. He therefore determined that she is not disabled to work. Findings 10, 11, Tr. 34-35.

## DISCUSSION

### I. ALJ's Consideration of Medical Opinion

In her brief before the Court, Plaintiff makes two contentions of error. First, she argues that the ALJ failed to address the medical opinion of Brett Murphy-Dawson, M.D. Pl.'s Br. 3-7, ECF No. 15. Evidence of record shows that Dr. Murphy-Dawson practices at New Horizons Community Service Board ("NHCSB") and saw Plaintiff for what he described as "two brief appointments[.]" Tr. 577. While Plaintiff was treated extensively at NHCSB, only one clinical notation was actually signed by this doctor. *Id.* The record fails to establish that, as to Dr. Murphy-Dawson, Plaintiff had a sufficiently long record of care for the doctor to be considered a treating physician.

5

To be a treating physician "the doctor must treat the claimant on a regular basis and have an ongoing treatment relationship with the claimant. *See McSwain v. Bowen,* 814 F.2d 617, 619 (11th Cir. 1987); *see also Eyre v. Comm'r of Soc. Sec.,* 586 F. App'x 521, 523 (11th Cir. 2014). Although the ALJ did not mention Dr. Murphy-Dawson by name, he thoroughly reviewed and discussed her records of care at NHCSB, including specific records where Dr. Murphy-Dawson's one entry is found. Ex. B9F, Tr. 31. He correctly noted that in the entry at issue, Plaintiff was found to have only "minimum impairment" in August 2013 and no more than "transient impairment" upon exposure to an identifiable stressor in March 2014. Tr. 32. The ALJ correctly characterized Plaintiff's mental status examinations as "generally unremarkable" and found that symptoms she exhibited were well controlled by medication. Tr. 31-32. The October 30, 2013, mental status examination referenced in Dr. Murphy-Dawson's note was marked "normal" as to orientation, appearance and behavior, affect and mood, and thought processes and flow of mental activity. Tr. 575. While Plaintiff is correct that there is a handwritten entry that indicates she reported auditory and visual hallucinations, the full entry states that she is logical and goal-directed with normal recent and remote entry, insight and judgment, and clear speech. Tr. 575-76. Dr. Murphy-Dawson's entry specifically found her to have the ability to understand, remember, and carry out simple instructions, which finding was fully incorporated into the RFC assessment. Tr. 576. Whether Dr. Murphy-Dawson is a treating physician or a medical source, the ALJ adequately reviewed and discussed the records of Plaintiff's care at NHCSB, including the one entry signed by him. Plaintiff's first assertion of error lacks merit.

## II. ALJ's RFC Formulation

Plaintiff next contends that the ALJ failed to account for marked difficulties in concentration, persistence, and pace. Pl.'s Br. 7-9. At step three, the ALJ stated that Plaintiff has marked difficulties in concentration, persistence, and pace but further found that the consultative examining psychologist determined her to be fully oriented with relevant and coherent responses, and with no problem concentrating sufficiently to complete tasks. Tr. 27. In order to take into account the limitations he found in formulating her RFC, the ALJ restricted her to simple unskilled work with no more than occasional and routine changes in the workplace. Tr. 27-28. This is exactly in line with what Dr. Murphy-Dawson found her capable of doing. It is the duty of the Commissioner to make factual findings, including the formulation of an RFC assessment and where the findings are supported by substantial evidence appearing in the record as a whole, the Court cannot decide the facts anew or substitute its judgment for that of the Commissioner. *Moore,* 405 F.3d at 1211; *Cornelius v. Sullivan,* 936 F.2d 1143, 1145 (11th Cir. 1991). Plaintiff's second assertion of error is meritless.

## CONCLUSION

For the reasons stated above, the determination of the Social Security Commissioner is affirmed.

SO ORDERED, this 12th day of October, 2018.

/s/ Stephen Hyles
UNITED STATES MAGISTRATE JUDGE